JOHN W. CHANDLER *vs.* EDWARD and SAMUEL MARSH. CALEDONIA, March, 1831.

When a bond is given conditioned to convey land on payment for the same, with a right in the purchaser to take possession and hold till some failure on his part, and notes are given to secure annual payments, those notes are recoverable whether the purchaser takes possession or not.

Otherwise, if obligor had coveyed away his title so as not to be able to fulfil the bond on his part.

This was an action of *assumpsit* upon two notes; and upon the general issue joined, the jury found a verdict for the plaintiff. Exceptions were filed and allowed to the decisions of the county court; and the same came to this court for their revision.

It appears from the bill of exceptions, that, at the date of the notes sued, these and two other notes were given by the defendants for the consideration money of a purchase of land by them of the plaintiff, payable, one in each of four successive years. That the plaintiff at the same time gave the defendants a bond binding himself to convey to them the land when the payments should all be made : also binding himself to suffer the defendants to occupy, possess and improve the same land, they paying all the taxes, and committing and suffering no waste on the premises. Then, on the first neglect of the defendants to fulfil the agreement on their part, said bond was to be null and void, and the plaintiff was to have right to reenter upon said land, and dispose of it to any other person as he should please, without accountability to said defendants. It further appears that the defendants' counsel requested the court to instruct the jury that, there being no evidence to show that the defendants had possessed the land, the plaintiff was not entitled to recover upon that note which last became due, of the two now in suit : but the court instructed the jury to find for the plaintiff the amount of both notes and interest for the same.

Upon these exceptions, the defendants' counsel now urged in argument, that, upon the first failure of the defendants in making payment, the bond was void by its own terms. That, though they might be liable to pay the first note, as there was no pretence of failure on their part till that note became payable, the failure to pay that note rendered the bond void as to all future liability of the plaintiff upon the same, and wholly removed the consideration for the remaining notes, so that no recovery could be had upon them.

The answer of the plaintiff's counsel in substance was that the giving the bond by the plaintiff was a good consideration for the notes; and, if the consideration had failed, it was by reason of

CALEDONIA,
*March*,
1831.

Chandler.
*vs.*
Marsh et al.

the defendants' neglect; that they could not take advantage of their own wrong to defeat the plaintiff's rights. And further, that the consideration of the notes had not failed, as the plaintiff had not elected to consider the bond void. See 13 *Johns. Rep.* 44. And, if judgement were recovered on the notes, the bond revived, and no injustice would be done to the defendants.

HUTCHINSON, C. J., after stating the case, delivered the opinion of the Court.—We are called upon to decide in what sense, and to what extent, the bond in question was to be void upon the neglect of the defendants to perform on their part. The question is almost answered by merely stating the parties to the bond, and noticing their respective rights of action. The bond was given by the plaintiff to the defendants. All the stipulations in the bond, against the defendants, are conditions precedent to their enjoying certain privileges of possession, &c. No action could ever be maintained for the penalty of this bond, but by the present defendants against the present plaintiff. When it becomes void this action by the defendants cannot be maintained. And, when it becomes thus void by their neglect to perform the duties enjoined upon them, it is just and right, that they should thereby forfeit their right of action upon the bond ; while it would be as evidently unjust, and contrary to any sound construction of the bond, that the plaintiff should lose his rights by the defendants' neglect, without any fault on his part. The construction, urged by the defendants' counsel, cannot be supported. The bond is void only as against the plaintiff ; and he may refuse to treat it as void as to himself ; and of this the defendants could not complain.

The defendants' counsel urged a distinction between the notes ; admitting their liability upon the one first due and payable, but not upon the others. We discover no ground for any such distinction arising from the facts before us. The consideration was good at first ; and it was equally good as to all the notes. It was a sale of a lot of land ; and the bond was the security to the defendants for a title, when full payment should be made. The plaintiff has his remedy upon each note when payable, and the defendants cannot take away this right by any neglect of their duty, nor by any act of theirs short of actual payment.

The plaintiff might destroy his right of action upon these notes, by conveying away his title to the land, and rendering himself unable to convey such title to the defendants. Had he done so immediately after giving this bond, neither note could have been

CALEDONIA,
March,
1831.

Chandler
vs.
Marsh et al.

recovered by him. And should the plaintiff enforce the collection of all these notes, he must then treat the bond as of force, and convey the land to the defendants, or a court of chancery would compel him to such a course, according to the case of *Winters vs. Livingston*, cited in argument from the 13th of *Johns. Rep.*

This is like the common case of a sale of land, and a bond given for a deed, when payments shall be made, excepting the provision that defendants are to take possession of the land, but that the plaintiff may reenter upon the first and any neglect of the defendants to perform on their part. But this provision does not at all affect the question of a recovery upon these notes.

The judgement of the county court is affirmed.

*Bell & Burbank,* for defendants.

*Shaw & Co.*, for plaintiff.